UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

DENZEL SIMMONS,

                         Plaintiff,                    COMPLAINT

          - against -                                  16-cv-00016

THE CITY OF NEW YORK, CAPTAIN JOSEPH
BAIARDI, ASSISTANT DEPUTY WARDEN
DAVID DIBERARDINO, COMMISSIONER
JOSEPH PONTE, and JOHN DOES #1-5
individually and in their official capacity as
employees or agents of the City of New York,          **Jury Trial Demanded**

                         Defendants.
----------------------------------------------------------------x

          Denzel Simmons, by his attorney, Ken Womble, alleges the following as his

Complaint:

                         Nature of the Action

          1.      This civil rights action arises from the unlawful failure to protect

Denzel Simmons from grievous injuries sustained on or about December 3, 2014, as

well as deliberate indifference to Plaintiff's medical condition while plaintiff was

imprisoned in a City-run jail facility, namely, the prisoner detention cells within Kings

County Supreme Court at 320 Jay Street, Brooklyn, New York.  Plaintiff seeks

declaratory relief pursuant to 28 U.S.C. §2201 and, under 42 U.S.C. §1983,

compensatory and punitive damages for violation of his civil rights.

                         Jurisdiction

2.      This action arises under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983.  This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(3).

Venue

3.      Pursuant to 28 U.S.C. §1391(b), venue is proper in the Eastern District of New York because the events forming the basis of plaintiff's Complaint occurred in that District.

Parties

4.      Plaintiff Denzel Simmons is a citizen of the United States of America who, at all times relevant, was awaiting disposition of his criminal matter while an inmate in the custody and control of the City of New York and its employees.  On December 3, 2014, Mr. Simmons was an inmate in the holding cells of Kings County Supreme Court, which is part of the Brooklyn Detention Compex and was a correctional facility located in Brooklyn, New York.

5.      Defendant City of New York is a municipal corporation duly incorporated and existing under the laws of New York State.  Pursuant to its Charter, New York City has established and maintains a Department of Correction as a constituent department.  At all times relevant, the individual defendants below were employees or agents of the City of New York.

6.      On December 3, 2014, and at all times relevant, Defendants Captain Joseph Baiardi, Assistant Deputy Warden David DiBerardino, Commissioner Joseph Ponte and John Does #1-5 were duly appointed and acting employees or agents of the

City of New York City Correction Department assigned to the Brooklyn Detention

Complex, which includes the holding cells of Kings County Supreme Court.

7.    On December 3, 2014, Defendants Baiardi and John Does #1-5 were on

duty and assigned to the Kings County Supreme Court holding cells.

8.    The Defendants were at all times relevant agents, servants, and

employees acting within the scope of their employment by Defendant City of New

York.

9.    At all times relevant, the Defendants were acting under color of state

law.

Facts Underlying
Plaintiff's Claims for Relief

10.    On December 3, 2014 at approximately 4:45 p.m. Plaintiff Denzel

Simmons was in the holding cells of Kings County Supreme Court (part of the

Brooklyn Detention Complex), a correctional facility located at 320 Jay Street,

Brooklyn, New York.

11.    Upon information and belief, Defendant Baiardi was on duty that day

and was the presiding Captain for the plaintiff's holding cell block.

12.    Defendant Baiardi was responsible for the care, custody and control of

plaintiff and the other inmates housed in the holding cell block.

13.    Defendant Baiardi was responsible for supervising the entry into the

Kings County Supreme Court holding cells facility.  His duties included, but were not

limited to, overseeing the inspection of arriving inmates to search for potential

weapons and supervising the monitoring of the holding cells at all times.

14.     Defendant Baiardi ignored a known foreseeable and preventable risk of

harm; he failed to inspect the incoming inmates and was otherwise not at his post.

15.     As Plaintiff Simmons slept on the floor of his holding cell, an unknown

number of other inmates attacked him with razors and beat and kicked him for a period

of time before defendants John Does #1-5 arrived and intervened to stop the attack.

16.     Plaintiff Simmons received numerous contusions about his head and

body, as well as numerous lacerations to his head and face.

17.     Defendant Baiardi eventually arrived and escorted Plaintiff Simmons

from the holding cell and down to the basement area of Kings County Supreme Court.

18.     While in the basement of Kings County Supreme Court, Plaintiff

Simmons was evaluated by emergency medical technicians who advised Defendant

Baiardi and Plaintiff Simmons that Plaintiff Simmons needed to be treated at a

hospital so he could receive stitches for his lacerations.

19.     Plaintiff Simmons was transported via ambulance to Brooklyn

Hospital.

20.     Although higher ranking personnel rarely accompany an injured inmate

to a hospital, Defendants Baiardi and Diberardino both accompanied Plaintiff

Simmons to Brooklyn Hospital.

21.     At Brooklyn Hospital, Defendants Baiardi and Diberardino advised

Plaintiff Simmons to tell the medical staff that he did not want stitches, despite the fact

–4–

that the emergency medical technician and the Brooklyn Hospital medical staff advised Plaintiff Simmons that he should receive stitches.  Because of the duress that Plaintiff Simmons was placed under by Defendants Baiardi and Diberardino, Plaintiff Simmons refused stitches and asked the medical staff to glue his wounds shut instead.

22.     Defendants Baiardi and Diberardino then transported Plaintiff Simmons directly to the Brooklyn House of Detention.  At this facility, Defendants Baiardi and Diberardino told Plaintiff Simmons not to tell anyone, including his attorney and the judge, about the slashing incident.  Defendant Baiardi and Diberardino told Plaintiff Simmons that if there was an investigation, Plaintiff Simmons should not say anything to the investigators.  Defendants Baiardi and Diberardino promised Plaintiff Simmons that if he cooperated with them, they would ensure that he was not only transferred to Brooklyn House of Detention where he would be closer to his family, but that they would ensure that he received special privileges while there.

23.     Records indicate that Plaintiff Simmons was officially transferred from George Motchen Detention Center on Riker's Island to Brooklyn House of Detention on December 4, 2014.

24.     Defendants Baiardi and Diberardino deliberately ensured that the slashing that occurred to Plaintiff Simmons was never investigated, as was clearly required by the New York City Department of Correction rules and regulations.

25.     As a result of the incident the plaintiff suffered severe emotional shock and pain.

26.     As a result of the assault permitted or caused by Defendant Baiardi, Plaintiff Simmons suffered lacerations to the face and head as well as other physical injuries.

27.     At all times relevant, Defendants Baiardi, Diberardino and John Does #1-5 acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and well-being.

FIRST CLAIM FOR RELIEF
FOR DEFENDANTS BAIARDI AND JOHN DOES #1-5
FAILURE TO PROTECT
PLAINTIFF UNDER THE UNITED STATES CONSTITUTION

28.     Plaintiff repeats each allegation of paragraphs 1-35 as though fully stated herein.

29.     By the actions described above, including the failure to protect plaintiff from known risks posed by other inmates, the individual defendants deprived or caused plaintiff to be deprived of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983.

30.     By failing to take any steps to protect plaintiff from risks posed by other inmates, defendants Baiardi and John Does #1-5 created a high degree of risk of physical harm to Plaintiff Simmons, and, with deliberate indifference to that risk, caused unjustifiable harm upon the plaintiff in violation of the United States Constitution.

31.     As a consequence thereof, Plaintiff Simmons has been injured.

SECOND CLAIM FOR RELIEF
AGAINST DEFENDANT BAIARDI & DIBERARDINO FOR DELIBERATE
INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL CONDITION

32.    Plaintiff repeats the allegations of paragraphs 1-35 as if set forth in full herein.

33.    As described above, Defendants Baiardi and Diberardino acted with deliberate indifference to Mr. Ramos' serious medical needs, by among other things, by intentionally interfering with Plaintiff Simmons proper medical care in order to cover up their own wrongful actions and in spite of Plaintiff Simmons' serious medical needs and the advice of numerous medical professionals.

34.    By deliberately interfering with Plaintiff Simmons' medical decisions, defendants Baiardi and Diberardino created a high degree of risk of physical harm to Plaintiff Simmons, and, with deliberate indifference to that risk, caused unjustifiable harm upon the plaintiff in violation of the United States Constitution.

35.    As a consequence, Plaintiff Simmons has been injured.

THIRD CLAIM FOR RELIEF FOR VIOLATIONS OF PLAINTIFF'S
CONSTITUTIONAL RIGHTS AND §1983

36.    Plaintiff Simmons repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 - 35 as though fully set forth herein at length.

37.    Defendant Joseph Ponte, as Commissioner of DOC, violated the rights of Plaintiff Simmons secured to him under the 8th Amendment and the 14th Amendment to the Constitution of the United State of America.

38.    Defendant Joseph Ponte, as Commissioner of DOC, acting under color

–7–

of law, violated the rights of Plaintiff secured to him under 42 U.S.C. §1983.

39.    Defendant Joseph Ponte, as Commissioner of DOC, failed to adopt and/or enforce procedures that would ensure the safety of inmates under his care and control.

40.    Defendant Joseph Ponte, as Commissioner of DOC, failed to adopt and/or enforce procedures providing the right of inmates and/or detainees access to confidential medical care and treatment.

41.    The aforesaid constituted deliberate, willful, wanton indifference on the part of Defendant Joseph Ponte, as Commissioner of DOC, to the right of inmates and/or detainees to be free from attacks by other inmates.

42.    The aforesaid constituted deliberate, willful, wanton indifference on the part of Defendant Joseph Ponte, as Commissioner of DOC, to the right of inmates and/or detainees to have access to unfettered and self-determinative medical care and treatment, and, more specifically, to the rights of Plaintiff Simmons to access that medical care and treatment without malicious interference.

43.    As a result of the aforementioned, Defendant Joseph Ponte, as Commissioner of DOC, violated rights of Plaintiff secured to him under the 8th Amendment and 14th Amendment of the Constitution of the United States of America, and under 42 U.S.C. §1983.

44.    As a result of the aforementioned, Defendant Joseph Ponte, as Commissioner of DOC, violated the rights of Plaintiff secured to him under the 8th Amendment of the Constitution of the United States of America to be free from cruel

–8–

and unusual punishments.

45.    Defendant Diberardino, as Assistant Deputy Warden of DOC, violated the rights of Plaintiff Simmons secured to him under the 8th Amendment and the 14th Amendment to the Constitution of the United State of America.

46.    Defendant Diberardino, as Assistant Deputy Warden of DOC, acting under color of law, violated the rights of Plaintiff secured to him under 42 U.S.C. §1983.

47.    Defendant Diberardino, as Assistant Deputy Warden of DOC, failed to adopt and/or enforce procedures that would ensure the safety of inmates under his care and control.

48.    Defendant Diberardino, as Assistant Deputy Warden of DOC, failed to adopt and/or enforce procedures providing the right of inmates and/or detainees access to confidential medical care and treatment.

49.    The aforesaid constituted deliberate, willful, wanton indifference on the part of Defendant Diberardino, as Assistant Deputy Warden of DOC, to the right of inmates and/or detainees to be free from attacks by other inmates.

50.    The aforesaid constituted deliberate, willful, wanton indifference on the part of Defendant Diberardino, as Assistant Deputy Warden of DOC, to the right of inmates and/or detainees to have access to unfettered and self-determinative medical care and treatment, and, more specifically, to the rights of Plaintiff Simmons to access that medical care and treatment without malicious interference.

51.    As a result of the aforementioned, Defendant Diberardino, as Assistant

Deputy Warden of DOC, violated rights of Plaintiff secured to him under the 8th

Amendment and 14th Amendment of the Constitution of the United States of America,

and under 42 U.S.C. §1983.

52.    As a result of the aforementioned, Defendant Diberardino, as Assistant

Deputy Warden of DOC, violated the rights of Plaintiff secured to him under the 8th

Amendment of the Constitution of the United States of America to be free from cruel

and unusual punishments.

53.    Defendant Baiardi, as a Captain within the DOC, violated the rights of

Plaintiff Simmons secured to him under the 8th Amendment and the 14th Amendment

to the Constitution of the United State of America.

54.    Defendant Baiardi, as a Captain within the DOC, acting under color of

law, violated the rights of Plaintiff secured to him under 42 U.S.C. §1983.

55.    Defendant Baiardi, as a Captain within the DOC, failed to adopt and/or

enforce procedures that would ensure the safety of inmates under his care and control.

56.    Defendant Baiardi, as a Captain within the DOC, failed to adopt and/or

enforce procedures providing the right of inmates and/or detainees access to

confidential medical care and treatment.

57.    The aforesaid constituted deliberate, willful, wanton indifference on the

part of Defendant Baiardi, as a Captain within the DOC, to the right of inmates and/or

detainees to be free from attacks by other inmates.

58.    The aforesaid constituted deliberate, willful, wanton indifference on the

part of Defendant Baiardi, as a Captain within the DOC, to the right of inmates and/or

detainees to have access to unfettered and self-determinative medical care and treatment, and, more specifically, to the rights of Plaintiff Simmons to access that medical care and treatment without malicious interference.

59.    As a result of the aforementioned, Defendant Baiardi, as a Captain within the DOC, violated rights of Plaintiff secured to him under the 8th Amendment and 14th Amendment of the Constitution of the United States of America, and under 42 U.S.C. §1983.

60.    As a result of the aforementioned, Defendant Baiardi, as a Captain within the DOC, violated the rights of Plaintiff secured to him under the 8th Amendment of the Constitution of the United States of America to be free from cruel and unusual punishments.

61.    Defendant John Does #1-5, said names being fictitious, being intended to designate the City of New York Department of Correction Officers involved in the action herein, violated the rights of Plaintiff secured to him under the 8th Amendment and the 14th Amendment to the Constitution of the United State of America.

62.    Defendant John Does #1-5, said names being fictitious, being intended to designate the City of New York Department of Correction Officers involved in the action herein, acting under color of law, violated the rights of Plaintiff secured to him under 42 U.S.C. §1983.

63.    As a result of the aforementioned, Defendant John Does #1-5, said names being fictitious, being intended to designate the City of New York Department of Correction Officers involved in the action herein, violated the rights of Plaintiff

−11−

secured to him under the 8th Amendment of the Constitution of the United States of America to be free from cruel and unusual punishments.

64.     Defendant John Does #1-5, said names being fictitious, being intended to designate the City of New York Department of Correction Officers involved in the action herein, failed to adopt and/or enforce practices and procedures to provide a means of addressing medical emergencies among inmates and/or detainees.

65.     Defendant John Does #1-5, said names being fictitious, being intended to designate the City of New York Department of Correction Officers involved in the action herein, failed to adopt and/or enforce practices and procedures to prioritize medical emergencies among inmates and/or detainees.

66.     Defendant John Does #1-5, said names being fictitious, being intended to designate the City of New York Department of Correction Officers involved in the action herein, denied or unreasonably delayed Plaintiff access to a physician for diagnosis and treatment;  failed to administer treatment to Plaintiff prescribed by a physician;  and denied Plaintiff professional medical judgment.

67.     The aforesaid constituted deliberate, willful, wanton indifference on the part of Defendant John Does #1-5, said names being fictitious, being intended to designate the City of New York Department of Correction Officers involved in the action herein, to the right of inmates access to medical care and treatment, and, more specifically, to the rights of Plaintiff to access to medical care and treatment.

68.     As a result of the aforementioned, Defendant John Does #1-5, said names being fictitious, being intended to designate the City of New York Department

of Correction Officers involved in the action herein, violated rights of Plaintiff secured to him under the 8th Amendment and 14th Amendment of the Constitution of the United States of America, and under 42 U.S.C. §1983.

69.    Defendant John Does #1-5, said names being fictitious, being intended to designate the City of New York Department of Correction Officers involved in the action herein, violated the rights of Plaintiff secured to him under the 8th Amendment and the 14th Amendment to the Constitution of the United State of America.

70.    Defendants violated Plaintiff's civil rights, including the 8th Amendment and 14th Amendment of the United States Constitution and 42 U.S.C. §1983.

71.    Defendants' actions were undertaken under color of law and would not have existed, but for said Defendants using their official power.

72.    The supervisors and policy making officers of Defendants CITY, including, but not limited to defendant, Joseph Ponte, as a matter of policy, failed to take steps to investigate and terminate the above detailed practices and failed to discipline or otherwise properly supervise the individuals engaged in such practices.

73.    The supervisors and policy making officers of Defendants CITY, including, but not limited to defendant, Joseph Ponte, in the instant matter went beyond mere negligence and actively ignored requests that they give attention to this matter and the Defendants involved.

74.    Defendant, CITY, failed to properly or effectively train its employees with regard to proper constitutional and statutory limits on the exercise of their

authority, and such failure continues to this day.

75.     Defendant, CITY, sanctioned the policy and practices described in the above paragraphs through its deliberate indifference to the effect of said policy upon the constitutional rights of Plaintiff and others similarly situated.

76.     Defendant, CITY, was negligent in hiring, retaining, supervising and disciplining its employees and in failing to train them in the practices and procedures of providing inmates with access to medical care and treatment.

77.     Defendant, CITY, hired and retained in its employ certain persons with knowledge that said employees had propensities to deny or delay inmates with access to proper medical care and treatment or to intentionally interfere with the administration of treatment and were, therefore, unfit to perform their functions as employees.

78.     Defendants' motivations were in contravention of the U.S. Constitution.

79.     The aforesaid constituted deliberate, willful, wanton indifference on the part of Defendants to the right of inmates and/or detainees access to medical care and treatment, and, more specifically, to the rights of Plaintiff access to medical care and treatment without illegal interference by the Defendants.

80.     Plaintiff by virtue of his incarceration was totally dependent on the Defendants to ensure that his Constitutional rights were enforced and protected.

81.     Plaintiff by virtue of his incarceration was totally dependent on the Defendants to ensure his physical safety and well-being.

82.     Plaintiff by virtue of his incarceration was totally dependent on the Defendants to provide adequate medical care and treatment.

83.     As a result of the aforementioned, Defendants violated the rights of Plaintiff secured to him under the 8th Amendment and 14th Amendment of the Constitution of the United States of America, and under 42 U.S.C. §1983.

84.     Plaintiff was caused to be injured, and to undergo pain and suffering as a result of the aforementioned willful, wanton and deliberate indifference on the part of Defendants.

85.     Plaintiff is entitled to and demand costs, expenses, and attorney's fees pursuant to 42 U.S.C. §1988.

86.     As a result of the aforesaid, Plaintiff has been injured.

<u>Request for Relief</u>

WHEREFORE, plaintiff respectfully requests that judgment be entered as follows:

(A)    Declaratory relief as follows:

1.    A declaration that plaintiff's rights under the United States Constitution were violated;

(B)    Compensatory damages in an amount to be fixed at trial;

(C)    By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages in an amount to be fixed at trial;

(D)    An award to plaintiff of the costs and disbursements herein;

(E)    An award of attorney's fees under 42 U.S.C. §1988; and

(F)    Such other and further relief as this Court may deem just and proper.

Dated:        January 4, 2015
              Brooklyn, New York

                                      Moore Zeman Womble, LLP
                                      By Ken Womble
                                        Attorney for Plaintiff
                                      66 Willoughby Street
                                      Brooklyn, New York 11201
                                      (718) 514-9100


                                      _____
                                      By: KEN WOMBLE

–16–